4775.   CENTRAL OF GEORGIA RAILWAY CO. *v.* WOODALL.

1. In charging the jury, the court (probably by a slip of the tongue) stated that the jury were to use the Carlisle Tables to determine the probable *age* of the plaintiff. It is apparent from the context that the jury should readily have understood that the court meant that the tables were to aid them in arriving at the probable duration of his life; but even if this is not true, the error was harmless.
2. A leading issue in the trial was whether the plaintiff was injured at all. Error is assigned upon each of the following excerpts from the judge's charge to the jury, on the ground that each amounted to an intimation of opinion that an injury had been sustained by the plaintiff: (*a*) "Now, in this case the only damage alleged is the infliction of mental and physical pain and suffering, as caused by the injury they sustained." (*b*) "If you believe this plaintiff, under the rules of evi-

dence and law I have given you, and the evidence that has been adduced to you, has suffered mental and physical pain, and has been caused mental and physical pain and suffering, caused by this injury, then it will be for you to say how much the damage is." (c) "If you should find, under the rules I have given you, she was entitled to damages at the time and up to now, but that there are no future damages involved, you would find a sum for that amount; and if you should conclude, from the rules I have given you and the evidence adduced to you in the case, that she would suffer in the future, caused from this injury, then you would say what amount, and add that amount to the other amount. In other words, you will find a lump sum, if you should find for the plaintiff in the case." While it is reversible error for a judge, in charging the jury, to assume the existence of any fact which is in contest, and, under section 4863 of the Civil Code, a new trial must be awarded when there is an intimation of opinion, even though the verdict be right, the foregoing excerpts, whether considered alone or in connection with various other parts of the charge (in which the jury were expressly told that it was for them to determine whether the plaintiff had been injured), are not fairly subject to criticism on the ground that the judge therein expressed or even intimated the opinion that the plaintiff had in fact been injured.

DECIDED JULY 8, 1913.

Action for damages; from city court of Houston county—Judge Riley. February 17, 1913.

*Ellis & Jordan,* for plaintiff in error.

*S. A. Nunn, Hall & Roberts,* contra.

RUSSELL, J. The suit was for damages on account of personal injuries. The evidence was in conflict, but authorized the finding in favor of the plaintiff.

1. The special exceptions relate to errors in the charge of the court, which, it is insisted, require the grant of a new trial. The assignment of error predicated upon the use of the word *age,* instead of "expectancy," is sufficiently dealt with in the headnote. It is only necessary to say that, between the two excerpts to which exception is taken, the judge made the usual explanation as to the manner in which the tables should be used to aid in making calculations; and, therefore, it is very clear that the jury understood the judge to mean *expectancy,* although he said "age."

2. The real contest in this case arises upon the point whether the judge, in his charge to the jury, intimated or expressed the opinion that the plaintiff had been injured. The headnote sets out each of the excerpts upon which the plaintiff in error places that construction. A reading of the charge discloses that several times in the course of his instructions the judge told the jury that it was

a question of fact, for their sole determination, whether the plaintiff received the injury alleged. At the close of the charge, in instructing the jury upon the subject of negligence, he again told them that it was for them to say whether the defendant exercised extraordinary care and diligence in avoiding the injury, *"if you believe any was sustained."* We refer to these portions of the charge merely as illustrative of any apparent ambiguity in the excerpts to which exception was taken, and to ascertain whether there is any ground for criticism of those particular excerpts. Of course, if the trial judge, in charging the jury, expressed, or even by intimation conveyed to them, his opinion as to a material fact in the case, it is doubtful that such error could be corrected at all. While it is reversible error for a trial judge, in charging the jury, to assume the existence of any fact which is in contest, it is perfectly plain to our minds that the reference of the judge to the injury sustained, in each of the excerpts, is qualified by the conditional statement at the beginning of each of them,—"if the jury finds," or "if they believe;" and this qualifying statement controls and limits all that follows in the subsequent statement.          *Judgment affirmed.*